UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HENRY LEE BOGGS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>TROMBAL, et al,<br><br>Defendants. | Case No. 2:20-cv-01012-KJD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re: Defendant Dante Tromba's Motion to: (1) Revoke Plaintiff's *In Forma Pauperis* Status and (2) Dismiss This Case (ECF Nos. 31 and 32); Plaintiff's Writ of Coram Nobis (ECF No. 20); Plaintiff's Motion for Appointment of Counsel (ECF No. 33); and, Defendant Tromba's Motion to Stay Discovery (ECF No. 35)** |

Before the Court is Defendant Tromba's Motions to Revoke Plaintiff's *In Forma Pauperis* Status and Dismiss This Case. Docketed as ECF Nos. 31 and 32.[1] Also before the Court are Plaintiff's Writ of Coram Nobis (ECF No. 20), Plaintiff's Motion for Appointment of Counsel (ECF No. 33), and Defendant Tromba's Motion to Stay Discovery (ECF No. 35). Because the Court recommends granting Defendant Tromba's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and Dismiss This Case, the Court also recommends denying all other pending motions as moot.

**I.    DISCUSSION**

The "three-strikes rule" of the Prison Litigation Reform Act of 1995 (the "PLRA") "prevents a prisoner from bringing suit *in forma pauperis* (IFP)—that is, without first paying the filing fee— if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Lomax v. Ortiz-Marquez*, __ U.S. __, 140 S.Ct. 1721, 1723 (2020), *citing* 28 U.S.C. § 1915(g). The purpose of the PLRA's three-strikes rule is to "help staunch a 'flood of nonmeritorious' prisoner litigation." *Id.*, *citing Jones v. Bock*, 549 U.S. 199, 203 (2007).

"[W]hen challenging a prisoner's *IFP* status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions

---

[1]    Defendant's Motion was docketed as two entries, ECF Nos. 31 and 32. For ease, and when appropriate, the Court cites only to ECF No. 31 in this Report and Recommendation. Further, the Court notes that Defendant Tromba is erroneously sued as "Trombal." ECF No. 31 at 1.

1

that were dismissed because they were frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (internal brackets, citation, and quotation marks omitted) ("*King*"). If defendants meet this initial burden, the "burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Id*. When a district court denies a plaintiff's request to proceed *in forma pauperis* because the plaintiff's prior cases qualify as "strikes" under the PLRA, the proper procedure is to dismiss the plaintiff's complaint without prejudice. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (internal citation omitted).

Defendant Tromba carries his burden under the PLRA by attaching evidence to his Motion demonstrating that Plaintiff has filed at least three prior actions dismissed for reasons recognized by the PLRA as counting toward the three-strikes rule. In fact, in two of the three actions cited by Defendant, each court found Plaintiff had already filed three complaints, and dismissed Plaintiff's actions under the PLRA's three-strikes rule.[2] This evidence, in and of itself, is sufficient to demonstrate Plaintiff's instant action should also be dismissed under the PLRA's three-strikes rule. Nonetheless, Defendant also refers the Court to a case filed in the United States District Court for the Western District of Texas, *Boggs v. Salazar, et al.*, No. 5:18-cv-00284-OLG (W.D. Tx. Apr. 13, 2018), that was dismissed for "failure to state a non-frivolous civil rights claim" (ECF No. 31-3 at 4), thus adding a seventh case to the list of cases filed by Plaintiff that have been dismissed.

---

[2] These actions include:
- *Boggs v. Danials*, No. 7:13-CV-95 HL, 2014 WL 185249, at *1 (M.D. Ga. Jan. 15, 2014), in which the Georgia District Court dismissed [Plaintiff's] lawsuit because he had incurred three "strikes." [ECF No. 31-1]: *Boggs v. Unnamed Defendant*, Civil Action No. 1:13-CV755 (N.D.[]Ga.) (dismissal on May 31, 2013 under a local rule for failure to comply with a court order to file a complaint with the proper forms and either pay the filing fee or apply for *in forma pauperis* status on penalty of having his case dismissed; *Boggs v. Davis*, Civil Action No. 5:13-CV-127 (M.D.[]Ga.) (dismissal on April 23, 2013 for failure to state a claim); and, *Boggs v. Bennett*, Civil Action No. 3:12-CV-1657 (M.D.[]Pa.) (dismissal on Sept. 6, 2012 for failure to prosecute after Plaintiff failed to amend his complaint after the court's review under 28 U.S.C. § 1915 had determined that the initial complaint had failed to state a claim); and,
- *Boggs v. Warden Hammoc, et al.*, Civil Action No. 4:14-CV-73-HLM-WEJ (N.D. Ga.), in which the Georgia District Court cited the following cases that have been dismissed as frivolous or for failure to state a claim [ECF No. 31-2.]: *Boggs v. Emmions*, No. 7:13-cv-167-HL-TQL, at 7 (M.D. Ga. Jan. 3, 2014); *Boggs v. Owens*, No. 13-cv-2851-MHS, at 1 (N.D. Ga. Oct. 24, 2013); and, *Boggs v. Davis*, No. 5:13-cv-127-CAR-MSH, at 3 (M.D. Ga. Apr. 23, 2013).

ECF No. 31 at 4-5.

2

Plaintiff, who failed to file points and authorities in response to Defendant's Motion, not only effectively consents to the Court granting the Motion (*see* Local Rules LR 7-2 and LCR 47-3), but consequently fails to carry his burden by not "attempt[ting] to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *King*, 398 F.3d at 1120.[3]

For these reasons, the Court recommends revoking Plaintiff's *in forma pauperis* status and dismissing this action without prejudice, thereby allowing Plaintiff to refile this action with payment of the full $402 filing fee. The Court further recommends denying Plaintiff's Writ of Coram Nobis (ECF No. 20), Plaintiff's Motion for Appointment of Counsel (ECF No. 33), and Defendant's Motion to Stay Discovery (ECF No. 35) as moot.

**II.   RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that Defendant Tromba's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and Dismiss This Case (ECF Nos. 31 and 32) be GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint be DISMISSED without prejudice, allowing Plaintiff to refile this action with payment of the full $402 filing fee.

IT IS FURTHER RECOMMENDED that Plaintiff's Writ of Coram Nobis (ECF No. 20), Plaintiff's Motion for Appointment of Counsel (ECF No. 33), and Defendant Tromba's Motion to Stay Discovery (ECF No. 35) be DENIED as moot.

DATED THIS 8th day of January, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[3] The one exception to the PLRA's three-strikes rule allows an inmate to bring suit without prepaying the full filing fee when the "prisoner is under imminent danger of serious physical injury." *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) (internal quotation marks omitted) ("*Cervantes*"), *citing* 28 U.S.C. § 1915(g). The Ninth Circuit emphasizes that this exception applies only "if the danger existed at the time the prisoner filed the complaint." *Id*. at 1053. Citing *United States v. Jackson,* 480 F.3d 1014, 1018-19 (9th Cir. 2007), the court in *Cervantes* noted the use of tenses in statutes, determined "one would not refer in the present tense to something that had already happened," and then stated: "In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, *not at some earlier* or later time." *Id*. (emphasis added). Thus, the Court considered Plaintiff's allegations that Defendant Neokema engaged in a sexual assault of Plaintiff on April 23, 2020, and that Defendant Tromba supposedly threatened his life the next day. ECF No. 12 at 5-6. However, these allegations do not demonstrate an imminent danger of serious physical injury at the time Plaintiff filed his Complaint more than a month later on May 26, 2020.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).